IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No: 3:95cr3093/LAC
                                                           3:06cv447/RV/MD

CHARLES SPIGNER

___

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 288). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and successive and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

On April 18, 1997 defendant was sentenced to a term of 360 months in prison after pleading guilty to a charge of conspiracy to possess with intent to distribute cocaine and cocaine base. (Doc. 39). His sentence was affirmed on appeal in March of 1998. He filed a motion to vacate pursuant to 28 U.S.C. § 2255 in March of 1999, and this motion was denied on November 30, 1999. (Doc. 52, 71). He filed another motion to vacate in March of 2000 which was summarily dismissed as untimely and

successive (doc. 72, 74 & 80). He attempted to appeal, and no certificate of appealability issued as the district court found that the appeal was frivolous. (Doc. 94). The Eleventh Circuit denied his motion for leave to file a second or successive § 2255 motion on July 19, 2001. (Doc. 108). Before filing the instant motion defendant filed numerous other motions for various kinds of relief, and appealed the denials of virtually all of them. He has now filed what is his third motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 288). This motion, which is not on the proper court form, is clearly untimely and successive.

As defendant is aware, before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that defendant has filed such a motion at least once in the past and is clearly aware of the procedure for doing so. (See doc. 108). Therefore, the instant motion to vacate must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

The defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 288), be summarily DENIED as successive.

At Pensacola, Florida, this 18th day of October, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 3:03cr144/LAC; 3:05cv247/LAC/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**